IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LUIS ENRIQUE MEJIA-CALDERON**                                           **PETITIONER**

**VERSUS**                                **CIVIL ACTION NO. 5:19-cv-42-DCB-MTP**

**SHAWN R. GILLIS,** *Warden*                                            **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Shawn R. Gillis and Core Civic Corporation's Motion [12] to Dismiss for Failure to State a Claim. Having considered the parties' submissions and the record, the undersigned recommends that the Motion [12] be denied as moot.

Petitioner filed his Petition [1] for Writ of Habeas Corpus on May 10, 2019 challenging the duration of his confinement. *See* [1] [5]. Petitioner also addressed his alleged conditions of confinement in a supporting affidavit. *See* [3]. As Respondents, Petitioner named Shawn R. Gillis, Core Civic Corporation, and the Federal Bureau of Prisons.

On June 5, 2019, this Court entered Order [7] recognizing this matter as habeas corpus petition. Shawn R. Gillis is the only proper Respondent in this matter, and Core Civic Corporation and the Federal Bureau of Prisons were terminated as parties. Order [7]. The Court has construed this action as habeas corpus matter and not as a civil-rights lawsuit under 42 U.S.C. § 1983.[1]

Shawn R. Gillis and Core Civic Corporation now move to dismiss Petitioner's § 1983 claims to the extent any are brought in the Petition [1] or could ever be construed to assert a cause of action. Mot. [12]. Yet, there are no § 1983 claims before the Court and Core Civic

---

[1] The requested relief determines the classification of the lawsuit. Because Petitioner challenges the duration of his confinement, this matter is properly identified as a habeas corpus action. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983).

1

Corporation is no longer a party to this action.  If Petitioner intends to bring a § 1983 or *Bivens* action, he must do so in a separate lawsuit.  The Motion [12] to Dismiss is moot and unnecessary as it seeks to dismiss claims that are not before the Court.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends DENYING Shawn R. Gillis and Core Civic Corporation's Motion [12] to Dismiss for Failure to State a Claim.

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 24th day of October, 2019

s/ Michael T. Parker<br>United States Magistrate Judge