IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LUIS ENRIQUE MEJIA-CALDERON**                                                **PETITIONER**

**VERSUS**                                        **CIVIL ACTION NO. 5:19-cv-42-DCB-MTP**

**SHAWN R. GILLIS,** *Warden*                                                    **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court, *sua sponte*, upon Plaintiff's failure to prosecute this action or provide a current address. After considering the record and the applicable law, the undersigned recommends dismissing this action without prejudice.

Petitioner filed his Petition [1] for habeas corpus on May 10, 2019. On October 24, 2019, the undersigned entered a Report and Recommendation [13] regarding one of the named Respondents, and the Report and Recommendation [13] was returned as "refused." *See* [14]. On November 7, 2019, the Court entered an Order [15] to Show Cause and directed Petitioner to provide an updated address. On November 20, 2019, the Order [15] was returned as "refused." *See* [16].

The Court then entered a second Order [17] to Show Cause on November 27, 2019. The Order [17] was returned as undeliverable on December 9, 2019. *See* [18]. Additionally, the Bureau of Prisons website reflects that Petitioner was released on August 14, 2019, but Petitioner has not provided a new address.

"The Court cannot proceed with Plaintiff's case if he is not willing to participate as a litigant." *Santos v. United States*, 2019 WL 1308259, at *2 (S.D. Tex. Feb. 5, 2019) (citing *McCullough v. Lynaugh*, 835 F. 2d 1126, 1127 (5th Cir. 1988)). "A district court may dismiss an action for failure of a plaintiff to prosecute or comply with any order of court." *McCullough*,

1

835 F. 2d at 1127 (citing Fed. R. Civ. P. 41(b)).  "[L]itigants, including prisoners, bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change."  *Feliz v. United States*, 2016 WL 6581337, at *3 (S.D. Tex. Oct. 10, 2016) (internal quotations and citation omitted); *see also Lewis v. Hardy*, 248 Fed. App'x 589, 593 n.1 (5th Cir. 2007) ( stating that "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute.")

The record demonstrates that Petitioner has failed for several months to update his address with the Court.  Petitioner has also failed to comply with multiple Court orders.  For these reasons, the undersigned recommends DISMISSING this action without prejudice.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the district judge, the magistrate judge and the opposing party.  The district judge at the time may accept, reject or modify in whole or part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 10th day of December, 2019.

/s/ Michael T. Parker
United States Magistrate Judge